# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CLASSIC SOFT TRIM, INC. and
ROADWIRE LLC,

    **Plaintiffs,**

v.              Case No:  6:18-cv-1237-Orl-40GJK

ROSS ALBERT, KATZKIN LEATHER,
INC., CLEARLIGHT PARTNERS, LLC,

    **Defendants.**

_____

### ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS, CLASSIC SOFT TRIM, INC.'S AND ROADWIRE, LLC'S, COMBINED OPPOSITION TO DEFENDANTS KATZKIN AND CLP'S RULE 12 MOTIONS, AND THEIR MOTION FOR CHANGE OF VENUE, COMBINED WITH PLAINTIFFS' MOTION FOR LEAVE TO FILE [PROPOSED] SECOND AMENDED COMPLAINT** (Doc. No. 94) |
| **FILED:** | **March 15, 2019** |
| **THEREON** it is **ORDERED** that the motion be **GRANTED**. | |

## I. BACKGROUND.

On July 31, 2018, this case was removed to this Court from state court. Doc. No. 2. On December 27, 2018, CST filed an Amended Complaint which added Roadwire LLC as a plaintiff

and Katzkin Leather, Inc. ("Katzkin") and Clearlight Partners LLC ("Clearlight") as defendants. Doc. No. 35. On February 1, 2019, an Amended Case Management and Scheduling Order (the "Amended CMSO") was issued. Doc. No. 70. Pursuant to the Amended CMSO, motions to add parties or to amend pleadings have to be filed no later than June 28, 2019.[1] Doc. No. 70 at 1.

On February 12, 2019, both Katzkin and Clearlight filed a motion to dismiss. Doc. Nos. 74 and 77. On March 6, 2019, an order granting the motions to dismiss without prejudice was issued. Doc. No. 87. Plaintiffs were given until March 13, 2019 to file a second amended complaint. Doc. No. 87. On March 12, 2019, Plaintiffs filed a Notice of Intent to Comply with the Court's March 6, 2019, order by filing a Second Amended Complaint and Motion for Reinstatement of the Amended Complaint. Doc. No. 89. On March 13, 2019, the Court issued an order vacating the order granting Katzkin and Clearlight's motions to dismiss. Doc. No. 92. The Amended Complaint was reinstated and Plaintiff was directed to file a motion to amend in compliance with Federal Rule of Civil Procedure 15(a)(2) if Plaintiffs sought to file an amended complaint. Doc. No. 92 at 2.

On March 15, 2019, Plaintiffs filed a motion for leave to file a "second" Amended Complaint (the "Motion") that adds one additional defendant, Clearlight Partners Management, LLC ("CPM") and expands on the allegations against Katzkin and Clearlight.[2] Doc. Nos. 94, 104.[3] Katzkin and Clearlight filed a joint response in opposition to the motion for leave to file a second amended complaint arguing the substance of their pending motions to dismiss on jurisdictional and venue grounds. Doc. No. 97. They also filed declarations in support of their response. Doc. Nos. 98, 99 and 100. On April 5, 2019, Plaintiffs filed a Motion to Strike the declarations

---

[1] A Second Amended Case Management and Scheduling Order reflects the same deadlines. Doc. No. 80.
[2] This is the first amendment as to Defendants Katzkin and Clearlight.
[3] The proposed Second Amended Complaint was originally attached to the Motion but it was removed and refiled after certain information was revised upon stipulation of the parties. Doc. Nos. 94-2, 101, 102, 104.

because they were not properly considered on a pending motion for leave to file an amended complaint.  Doc. No. 103.

**II.    ANALYSIS.**

 "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court."  *Laurie v. Ala. Ct. of Crim. Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001) (per curiam).  Leave to amend a complaint should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial. *Andrews v. Radiancy, Inc.*, 2017 U.S. Dist. LEXIS 18884, at *4 (M.D. Fla. Feb. 9, 2017); *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989) ("This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion. . . .").  "[W]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint."  *Bank v. Pitt*, 928 F.2d 1108, 1112   (11th Cir. 1991); *Bryant v. Dupree*, 252 F.3d 1161, 1164 (11th Cir. 2001).

Plaintiffs seek leave to file a first amendment to their complaint against Katzkin and Clearlight.  Doc. No. 104.  Plaintiffs also seek to add an additional defendant, CPM.  Doc. No. 104.  Plaintiffs have filed their Motion within the time provided by this Court's order (Doc. No. 92), and within the time provided by the Amended CMSO.  Doc. Nos. 70 and 80.  Upon review of the proposed Second Amended Complaint, the Court finds no substantial reason to deny Plaintiffs' request for leave to amend.

Accordingly, it is **ORDERED** that:

1.     The Motion (Doc. No. 94) is **GRANTED;** and

    2.       The proposed Second Amended Complaint (Doc. No. 104) shall be deemed filed as of the date of this Order.

**DONE** in Orlando, Florida on April 10, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party