**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO. 6:18-cv-01237-PGB-GJK**

CLASSIC SOFT TRIM, INC. and
ROADWIRE, LLC,

Plaintiffs,

v.

ROSS ALBERT, KATZKIN LEATHER,
INC., CLEARLIGHT PARTNERS, LLC,
and CLEARLIGHT PARTNERS
MANAGEMENT, LLC,

Defendants.
_____________________________________________/

**DEFENDANTS, RENEWED *EMERGENCY* MOTION TO STAY**
**MAGISTRATE'S DISCOVERY ORDER (DOC. 188)**
**PENDING OBJECTIONS TO THAT ORDER**

Defendants, Katzkin Leather, Inc., ClearLight Partners, LLC, and ClearLight Partners Management, LLC, pursuant to M.D. Fla. L.R. 3.01(e), Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), move to immediately stay the effect of Magistrate Judge Baker's Order of January 15, 2020 (doc. 188), to the extent that the Order permits Plaintiffs' counsel to immediately disclose Defendants' highly confidential information to their clients and Defendants' direct competitor. Because such disclosure will irreversibly alter the status quo, it will effectively deny Defendants their rights under Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), to object to the Order and have the District Court consider those objections on the merits. See, *Heller v. Logan Acquisitions Corp.*, CASE NO. 8:17-cv-1715-T-02TGW, at *3 (M.D. Fla. Nov. 21, 2018)("When a party timely objects to a magistrate's discovery order, the district court must consider the objections 'and

modify or set aside any part of the order that is clearly erroneous or is contrary to law.' Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).")

Defendants here are not asking the Court to stay this case or any other proceedings. Rather, Defendants seeks a narrow stay just of the specific portion of Magistrate Baker's Order which permits Plaintiffs' principals and employees to view Defendants' highly confidential AEO documents. This limited stay is necessary to prevent Defendants' objections to the Magistrate's Order from being mooted before this Court has had the opportunity to consider the merits of those objections. As the court held in *Amerisure Mut. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, , a party moving to stay a Magistrate Judge's order compelling the production of confidential communications must demonstrate "1) that it is likely to prevail on the merits of appeal; 2) that absent a stay, it will suffer irreparable harm; 3) that the Plaintiffs will not suffer substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay." *Amerisure Mut. Ins. Co.*, No. 2:12-CV-443-FTM-29CM, 2014 WL 12617769, at *1 (M.D. Fla. May 12, 2014). And, as the *Amerisure Mutual* court held, staying a magistrate's discovery order pending the District Court's disposition of objections meets this test. Likewise, each of these factors is met here.

1. <u>Defendants Are Likely to Prevail on their Objections</u>

Defendants are likely to prevail on the merits of their objection. Magistrate Judge Baker recognized the significant threat of anticompetitive harm that would stem from the disclosure of these highly confidential documents to Plaintiffs' principals and employees by imposing strict limits on the ability of Plaintiffs to review and retain this highly confidential information (doc. 188 at 9-10). These additional safeguards will not adequately protect Defendants from the harm that will come from the disclosure of these documents, but they do represent an acknowledgement of

the significant risk of harm posed by their disclosure to Plaintiffs' employees. Magistrate Judge Baker's Order is also directly at odds with a prior order in this case from Magistrate Judge Kelly, who found that disclosure of many of these same documents "would harm Defendants' legitimate privacy interests by exposing their financial information and business strategies to the public, including competitors" such as Plaintiffs (doc. 135 at 10). Defendants offered the testimony of several witnesses to explain and elaborate on the harm that Defendants would suffer from disclosure of these highly confidential documents. Plaintiffs offered no witnesses or evidence in rebuttal. For these reasons and other, Defendants are likely to prevail on their objections.[1]

2. Defendants will Suffer Irreparable Harm if the Order is Not Stayed

The Magistrate's Order permits Plaintiffs' counsel to disclose a large volume of Defendants' highly confidential and proprietary information, to Defendants' direct competitors, the Plaintiffs in this case. This information was only produced *to Plaintiff's counsel*, subject to Confidentiality Agreements and designated as "Attorneys' Eyes Only" ("AEO"). Thus, under the parties' Confidentiality Agreements, that information could not be disclosed to principals and employees of Plaintiffs. However, the Order now removes this AEO protection for certain documents and permits Plaintiffs' attorneys to disclose this information to Plaintiffs' principals and employees.

Anticipating this possibility, Defendants' made both written and *ore tenus* requests that any such order allowing disclosure of the confidential information be stayed for a sufficient period to allow Defendants to object to the ruling and seek review by the District Court (doc. 166 at 21, n. 40). Nevertheless, the language of the Order contains no such limitation upon the immediate

[1] For example, Magistrate Judge Baker's Order makes no mention of Defendants' legitimate argument that Plaintiffs' have waived their right to challenge the confidentiality designations for the vast majority of these documents.

disclosure of Defendants' AEO information. And, once the highly confidential information is disclosed to Defendants' direct competitors, the cat cannot be put back in the bag and Defendants will have been irreversibly deprived of their right to meaningfully challenge the Order under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). Compare *Howard v. Hartford Life and Acc. Ins. Co.*, 275 F.R.D. 649, (M.D. Fla. 2011) (acknowledging that once confidential documents have been disclosed to third-parties "the cat is out of the bag" and the court cannot restore the status quo). As set forth below, Plaintiffs' counsel have refused to agree to preserve the status quo and delay in disclosing Defendants' highly confidential information to their clients, even pending disposition of this Emergency Motion, thus further necessitating the emergency nature of this Motion.

3. Plaintiffs Will Not Suffer Substantial Harm from a Stay of the Order

Plaintiffs state in conclusory fashion that a stay of the portion of Magistrate Judge Baker's Order regarding Defendants' highly confidential documents will make "it impossible for Plaintiffs to meet the CMO deadlines." (Doc. 190 at 2.) Plaintiffs identify no particular deadline in their opposition but, before Magistrate Baker, Plaintiffs indicated they would be seeking an extension of the deadline *for expert witness disclosures*. But expert witnesses are not restricted by the AEO designations and have always been permitted to access to all such AEO documents without regard to Magistrate Baker's Order. There is no legitimate basis for additional disclosure to Plaintiffs' principals and employees. Plaintiffs and their counsel are fully able to prepare this case, conduct discovery, and prepare expert reports without their clients having access to these materials.[2]

Indeed, Plaintiffs' motion to reclassify the subject documents was based on Plaintiffs' argument that Plaintiffs' counsel needed access to these highly confidential AEO documents to

[2] As confirmed by the uncontroverted testimony of Dr. Henry Kahwaty at the January 9, 2020 hearing on these motions.

prepare his client for their depositions (doc. 158 at 7-9). And this was also the basis for Plaintiffs' opposition to Defendants' motion to compel Plaintiffs' to produce documents and sit for deposition (doc. 162 at 14-16). Magistrate Judge Baker rejected these arguments and granted Defendants' motion to compel, ordering Plaintiffs to turn over responsive documents and sit for deposition (doc. 188 at 9).

Plaintiffs would thus not suffer any harm—much less substantial harm—if this Court were to stay the portion of Magistrate Judge Baker's Order concerning Defendants' highly confidential documents.

4. The Public Interest Favors a Stay

As Defendants demonstrated at the January 9, 2020 hearing on these motions, there are serious and significant consequences to sharing highly confidential financial and strategic information between competitors. Giving antitrust plaintiffs carte blanche access to the competitively sensitive information of its competitors would represent a sea change in antitrust litigation, and would allow a bitter competitor to use antitrust litigation as a sword to gather sensitive information from its competitors and exploit that information for its own anti-competitive gain in the market. The public's interest in healthy competition is at the heart of antitrust laws and thus the public interest would be served by the Court's stay of the Order allowing Plaintiffs' access to Defendants' highly confidential documents. *Spectrum Sports Inc. v. McQuillan*, 506 U.S. 447, 458 (1993) ("The purpose of the Act is not to protect businesses from the working of the market; it is to protect the public from the failure of the market.")

Defendants thus respectfully renew their request that the Court stay the portion of Magistrate Judge Baker's Order that gives Plaintiffs' (not their experts or attorneys) access to certain of Defendants highly confidential AEO documents. The remainder of Magistrate Judge

Baker's Order concerning Plaintiffs' obligation to turn over documents and sit for deposition should remain in effect.

## CERTIFICATE OF COUNSEL

Pursuant to M.D. Fla. L.R. 3.01(g), the undersigned has conferred via telephone with counsel for the Plaintiffs, and Plaintiffs' counsel will not agree to a stay for any period of time, nor to any delay in disclosing Defendants' highly confidential information to Plaintiffs for any period of time.

Dated this 16th day of January 2020.

Respectfully submitted,

By: /s/ *Courtney B. Wilson*
Courtney B. Wilson, Esq.
Florida Bar No. 614580
E-Mail: cwilson@littler.com
Secondary: kljackson@littler.com
Lindsay Alter, Esq.
Florida Bar No. 103237
E-mail: lalter@bakerlaw.com
Secondary: btapia@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

Don Howarth, Esq. (*Pro Hac Vice)*
E-Mail: dhowarth@howarth-smith.com
Secondary: cdouesnard@howarth-smith.com
Suzelle M. Smith, Esq. (*Pro Hac Vice)*
E-Mail: ssmith@howarth-smith.com
Secondary: agilbert@howarth-smith.com
Tomas S. Glaspy, Esq. (*Pro Hac Vice)*
E-Mail: tglaspy@howarth-smith.com
HOWARTH & SMITH
523 West Sixth Street, Suite 728
Los Angeles, CA 90014
Telephone: (213) 955-9400
Facsimile: (213) 622-0791

*ATTORNEYS FOR DEFENDANTS*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 16th day of January 2020, I filed a true and correct copy of the foregoing document with the Clerk of the Court via the CM/ECF System and a true and correct copy of the foregoing document was served on all counsel of record or pro se identified on the Service List via the CM/ECF System.

/s/ *Courtney B. Wilson*
Courtney B. Wilson, Esq.

**SERVICE LIST**

***ATTORNEYS FOR PLAINTIFFS CLASSIC SOFT TRIM, INC. and ROADWIRE, LLC***

Kevin W. Shaughnessy, Esq.
Florida Bar No.: 473448
E-mail: kshaughnessy@bakerlaw.com
Secondary E-mail: jdorn@bakerlaw.com
P. Alexander Quimby, Esq.
Florida Bar No. 099954
E-mail: aquimby@bakerlaw.com
Meagan L. Martin, Esq.
E-mail: mmartin@bakerlaw.com
BAKER & HOSTETLER, LLP
2300 SunTrust Center
200 South Orange Avenue
Orlando, FL 32801
Telephone: (407) 649-4000
Facsimile: (407) 841-0168

Douglas L. Mahaffey, Esq. *(pro hac vice)*
E-mail: dougm@mahaffeylaw.com
Secondary: janelle@mahaffeylaw.com
MAHAFFEY LAW GROUP, PC
20162 SW Birch St, Suite 300
Newport Beach, CA 92660
Telephone: (949) 833-1400
Facsimile: (949) 263-8736

***ATTORNEYS FOR DEFENDANT ROSS ALBERT; and CO-COUNSEL FOR KATZKIN LEATHER, INC., CLEARLIGHT PARTNERS, LLC, and CLEARLIGHT PARTNERS MANAGEMENT, LLC***

Courtney B. Wilson, Esq.
Florida Bar No. 614580
E-Mail: cwilson@littler.com
Secondary: kljackson@littler.com
Lindsay Alter, Esq.
Florida Bar No. 103237
E-mail: lalter@bakerlaw.com
Secondary: btapia@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

***ATTORNEYS FOR DEFENDANTS KATZKIN LEATHER, INC., CLEARLIGHT PARTNERS, LLC, and CLEARLIGHT PARTNERS MANAGEMENT, LLC***

Don Howarth, Esq. (*Pro Hac Vice)*
E-Mail: dhowarth@howarth-smith.com
Secondary: cdouesnard@howarth-smith.com
Suzelle M. Smith, Esq. (*Pro Hac Vice)*
E-Mail: ssmith@howarth-smith.com
Secondary: agilbert@howarth-smith.com
Tomas S. Glaspy, Esq. (*Pro Hac Vice)*
E-Mail: tglaspy@howarth-smith.com
HOWARTH & SMITH
523 West Sixth Street, Suite 728
Los Angeles, CA 90014
Telephone: (213) 955-9400
Facsimile: (213) 622-0791