UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CLASSIC SOFT TRIM, INC. and ROADWIRE, LLC,**

   **Plaintiffs,**

v.

                Case No. 6:18-cv-1237-Orl-78GJK

**ROSS ALBERT, KATZKIN LEATHER, INC., CLEARLIGHT PARTNERS, LLC, and CLEARLIGHT PARTNERS MANAGEMENT, LLC,**

   **Defendants.**

---

**ORDER**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** DEFENDANT, ROSS ALBERT'S *SECOND* MOTION TO DISQUALIFY COUNSEL/REVOKE *PRO HAC VICE* ADMISSION, AND FOR ORDER TO SHOW CAUSE RE: OFFERING IMPROPER INDUCEMENTS TO FACT WITNESSES (Doc. No. 373)
>
> **FILED:** September 14, 2020
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

I.  **BACKGROUND**

The entire course of discovery in this case has been long and tortuous and need not be recounted here as it has been discussed in detail by this Court on several occasions.[1] *See, e.g.,* Doc. Nos. 366; 391 at 7-8.  However, discovery related to Defendant Ross Albert has had an added twist.  On more than one occasion, Plaintiffs have raised the issue of Albert's candor during discovery.  *See* Doc. Nos. 302 at 9; 305; 329 at 15; 350 at 8, 11; 366; 385; 389; 390; 395; 415.  Plaintiffs maintain that Albert continues to lie about his involvement in the alleged conspiracy to take Plaintiff Classic Soft Trim's ("CST") customers and employees to rival Classic Designs Automotive ("CDA")[2] for the benefit of Defendant Katzkin Leather, Inc. ("Katzkin").  *Id.*  Plaintiffs also assert that Albert has willfully destroyed and concealed evidence in this case.  *Id.*

On September 14, 2020, Albert filed his *second* motion to disqualify Plaintiffs' counsel Douglas Mahaffey (the "Motion"). Doc. No. 373.  Albert seeks to have

---

[1] Similarly, the overall procedural history of this case is sufficiently recounted in the Court's order dismissing portions of Plaintiffs Classic Soft Trim, Inc. ("CST") and Roadwire, LLC's Second Amended Complaint and it is incorporated herein by reference.  Doc. No. 347.

[2] CDA is CST's competitor in the Orlando market, and a former defendant in this action.  The Second Amended Complaint alleges that Defendant Katzkin Leather, Inc. ("Katzkin") and Albert conspired together with CDA to divert CST's business and employees to CDA as part of an attempt to take over the Orlando market.  Doc. Nos. 104; 294.  CST sought discovery from CDA as a non-party which culminated in a court-ordered forensic examination of CDA's electronically stored information ("ESI").  *See* Doc. No. 294.  CST has argued those records demonstrate conclusively that Albert emailed customer invoices to CDA around the time of his departure from CST.  Doc. No. 305 at 7-8.

Mahaffey disqualified for an email he sent to Albert's counsel, Courtney Wilson. *Id.* Albert argues that the email is an improper inducement of a fact witness which violates Rule Regulating the Florida Bar 4-3.4 ("Rule 4-3.4"). *Id.* at 5. The email reads:

> As confirmed in our meet and confer, **my clients would entertain a dismissal of Ross Albert in exchange for him testifying truthfully about the extensive involvement with Katzkin he engaged in to destroy the Orlando branch operations, as now proven by the CDA records**. This discussion must occur immediately or we will be filing a motion for evidentiary sanctions asking the Court to direct a finding on the two claims against Ross Albert based on his willful destruction and/or concealment of evidence and his false discovery responses. By our phone call today, I have completed my meet and confer on this motion and unless your [sic] advise in writing a willingness to frame a settlement agreement with Ross Albert agreeing to testify truthfully and provide his entire ESI, this motion will be filed next week.

*Id.*; Doc. No. 373-1 at 49 (emphasis added).

On September 28, 2020, Plaintiffs filed a response to the Motion (the "Response"). Doc. No. 385. Plaintiffs argue that Albert has not met his burden to demonstrate disqualification is appropriate, Albert cites to actions that were taken before Mahaffey became Plaintiffs' counsel, that all the cases cited by Albert involve third-party witnesses who were offered monetary payments for their testimony, and that the email was appropriate in the context within which it was

- 3 -

made. *Id.* Plaintiffs also argue that Albert failed to comply with Local Rule 3.01(g) prior to filing the Motion.[3] *Id.*

In his Declaration in support of the Response, Mahaffey states that during discussions with Wilson:

> I repeatedly requested that Mr. Wilson have Mr. Albert 'come clean,' remediate the record and provide full cooperation with the upcoming ESI searches, that ultimately the Court ordered. . . . The entire focus was for Albert to recant and withdraw and change his discovery responses and deposition testimony where he lied, and to fully cooperate in the requested ESI that had been pending since April 2020, and was the subject of several pending motions. . . . I made the point that the evidence of perjury and evidence [of] destruction was overwhelming against Albert and that Mr. Wilson should consider getting Albert out of the case before his answer was struck or other sanctions issued. . . .
> In these efforts, **I was attempting to open the door to further discussions on how the case with Albert might resolve** and was focused on the remedial duties of Mr. Wilson under the Florida rules of ethics. . . . All communications with Mr. Wilson on July 30, 2020 were in the context of a possible settlement, and to persuade Mr. Wilson to remediate the record so that my client could avoid the extremely expensive process of preparing a motion to strike Albert's answer and/or obtain other sanctions.

---

[3] This failure alone would be a basis to deny the Motion, but because of the futility in requiring such an exercise between these parties, and because the interest of judicial economy is best served by moving forward, the Court will consider the Motion. *See* Local Rule 1.01(c) (noting that the Court "may suspend application and enforcement of these rules, in whole or in part, in the interests of justice in individual cases by written order").

Doc. No. 385 at 16-17. (Emphasis added). Thus, Mahaffey characterizes his email as an attempt to procure truth from Albert and an attempt to open the door to explore the possible resolution of the claims against Albert. *Id.*

## II. APPLICABLE LAW

Motions to disqualify are non-dispositive matters which may be referred to a magistrate judge and reviewed by the district court. 28 U.S.C. § 636(b); Local Rule 6.01(c)(18); *Davis v. Dotson*, No. 8:19-cv-2235, 2020 U.S. Dist. LEXIS 127195, at *6 (M.D. Fla. July 20, 2020). "Motions for disqualification are generally viewed with skepticism in part because such motions are often interposed for tactical purposes." *Alexander v. Tandem Staffing Sols., Inc.*, 881 So. 2d 607, 608-09 (Fla. 4th DCA 2004).

The party moving for disqualification bears the burden of proving the grounds for disqualification. *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). "Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if compelling reasons exist." *Id.*; *Lancaster v. Harrow*, 8:17-cv-634, 2018 U.S. Dist. LEXIS 39060, at *6 (M.D. Fla. Feb. 21, 2018).

Attorneys are bound by the rules of the court in which they appear. Local Rule 2.04(d) makes the Rules Regulating the Florida Bar applicable to proceedings before this Court. Attorneys' professional conduct is also governed by federal common law, "because motions to disqualify are substantive motions affecting the

rights of the parties." *Hermann v. Gutterguard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006).

"Courts limit disqualification to instances where the attorney's conduct violates specific Rules of Professional Conduct, unless the conduct at issue threatens 'the orderly administration of justice' or deliberately challenges the court's authority, in which cases courts are given wide latitude in disqualification determinations." *Lancaster*, 2018 U.S. Dist. LEXIS 39060, at *4 (citing *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997); *Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193, 1210 (11th Cir. 1985)).

### III. ANALYSIS

The Court agrees with Mahaffey's characterization of the email. Albert claims that the email violates Rule 4-3.4, Fairness to Opposing Party and Counsel, which provides, in pertinent part:

> A lawyer must not fabricate evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness, except a lawyer may pay a witness reasonable expenses incurred by the witness in attending or testifying at proceedings; a reasonable, noncontingent fee for professional services or an expert witness; and reasonable compensation to a witness for time spent preparing for, attending, or testifying at proceedings.

R. Reg. Fla. Bar 4-3.4(b). "Offering financial inducements to a fact witness is extremely serious misconduct and is an evil that should be avoided." *United States ex rel. S. Site & Underground, Inc. v. McCarthy Improvement Co.*, No. 3:14-cv-919, 2017

U.S. Dist. LEXIS 13762, at *57 (M.D. Fla. Feb. 1, 2017) (quoting *The Fla. Bar v. Wohl*, 842 So. 2d 811, 816 (Fla. 2003) (internal citations omitted)).   Any payment to a fact witness is inappropriate if it is contingent on the content of the witness's testimony or its helpfulness to the case.   *Id.* at *58 (citing *Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n*, 865 F. Supp. 1516, 1524-26 (S.D. Fla. 1994), *aff'd in relevant part,* 117 F.3d 1328, 1335 n.2 (11th Cir. 1997)).

Mahaffey's email, which indicates his clients would "entertain dismissal," and that a discussion must occur immediately, contains no actual offer.   Instead, the email suggests Plaintiffs would consider dismissing the case against Albert if certain outstanding issues could be resolved.   The Court finds that the lack of an actual offer precludes a finding that Mahaffey violated Rule 4-3.4(b).

The Court is also unpersuaded that dismissal of pending claims is the type of incentive prohibited by Rule 4-3.4(b).   It is Albert's burden to show a violation has occurred.   Albert has offered no ethical opinion or case law where dismissal of claims against a party alone in exchange for their willingness to testify truthfully was found to be a basis for disciplinary action or disqualification.[4]   Thus, the

---

[4] The cases offered by Albert involve payments or contingent bonuses to third party fact witnesses.   *See, e.g., Wohl*, 842 So. 2d at 811 (payment to third party fact witness to "assist" Wohl's client with a potential bonus to be paid depending on the usefulness of the information provided which would be paid if the client obtained relief against the opposing party); *Golden Door Jewelry Creations, Inc.*, 865 F. Supp. at 1521 (attorneys sanctioned for insurance company's payments to certain third party fact witnesses regardless of whether their testimony was truthful or false where attorneys had knowledge of, assisted, and even negotiated the amount of money paid to

skepticism with which this Court approaches motions to disqualify counsel is only enhanced.[5]

The context of the email is also important.  Here, Plaintiffs sought to have Albert, who is a party defendant, rehabilitate allegedly perjurious testimony and representations made in discovery as well as obtain Albert's compliance with his ongoing discovery obligations.[6]  The email references documents produced by

---

the fact witnesses).

[5] In support of his argument that an express offer to settle or dismiss onerous litigation is a prohibited inducement, Albert cites three cases: *Ward v. Nierlich*, No. 99-14227, 2006 U.S. Dist. LEXIS 97373 (S.D. Fla. Sept. 20, 2006), *In re Callister*, No. 70901, 2017 Nev. Unpub. LEXIS 627, at *3-4 (Nev. July 25, 2017) (401 P.3d 211), and *In re Smith*, 848 P.2d 612 (Or. 1993).   None of the cases cited involve a party to an action offering to settle the case against another party.

In *Callister*, counsel offered a third party fact witness payment of $7,000 to disavow a will but also threatened the witness with personal liability and "the legal implications of perjury" if he did not.  2017 Nev. Unpub. 627, at *2.  In *Smith*, the attorney was disciplined for engaging in conduct that was prejudicial to the administration of justice, not offering an inducement to a witness.  848 P.2d at 612.  There, the attorney advised a doctor conducting an independent medical exam that if the doctor's opinion differed from that of the client's chiropractor, and if that opinion impacted the client's benefits or if the client hurt himself by trying to work, the client would sue the doctor.  *Id.*

In *Ward*, plaintiffs in a RICO case executed a settlement agreement in a different case against them that was brought by a couple who were also listed as defense witnesses in the RICO action.  2006 U.S. Dist. LEXIS 97373, at *4.  As part of that settlement, a judgment was entered against plaintiffs and plaintiffs paid a $5,000 lump sum in exchange for the judgment creditors' promise to "provide testimonial cooperation by providing truthful information in connection with claims by [plaintiffs] in their Federal RICO lawsuit against Nierlich . . . and others."   2006 U.S. Dist. LEXIS 97373, at *5.  The judgment creditors were also promised a stake in the outcome of the RICO case.  *Id.*  Plaintiffs' attorney in the RICO case was disqualified for violating Rule 4-3.4(b) for improper payments to third party fact witnesses.  The Court found that the fact that the offending payment and a stake in the outcome of the case were provided incident to a settlement agreement in another case was a "distinction without a difference."   *Id.*  Interestingly, plaintiffs' counsel later challenged the disqualification order because The Florida Bar ultimately found no probable cause he violated Rule 4-3.4.  *Ward v. Nierlich*, No. 99-14227, 2008 WL 511909, at *1 (S.D. Fla. Feb. 22, 2008).

[6] Setting aside Plaintiffs' request for a moment, unlike a third party witness, Albert has obligations as a litigant in this action.  At the very least he has an obligation to comply with the Federal Rules of Civil Procedure and he may be held accountable by this Court for any

CDA as a basis for that request, a forthcoming motion for sanctions[7] against Albert for his alleged discovery violations, as well as a request for Albert to produce ESI he was still withholding.  Given the factual and procedural history of this case, Albert's characterization of the email as an improper offer to induce him to testify favorably on Plaintiffs' behalf rings hollow.  Put simply, Albert fails to demonstrate that the email represents an attempt by Mahaffey to "buy" favorable testimony from Albert in violation of Rule 4-3.4(b).

Even though the email does not violate Rule 4-3.4(b), it is troubling.  While it is understandable that counsel would have implored Albert to be truthful and comply with discovery ahead of Plaintiffs' motion for sanctions, Mahaffey's email treads on treacherous ground because it could open the door to a violation of the Rule 4-3.4(b).  Because no offer was made, there was no violation here, but counsel should remain cognizant of his professional obligations when attempting to resolve longstanding discovery disputes, no matter how vexing they may be to him or to his client.

Upon consideration of the Motion and Response, the Court finds that Albert fails to satisfy his burden to demonstrate that Mahaffey violated Rule 4-3.4(b).

---

deficiencies.  *See, e.g.*, Fla. R. Civ. P. 26, 37.

[7] On November 2, 2020, Plaintiffs filed a motion for sanctions against Albert and Mr. Wilson regarding many of the issues raised in the email.  Doc. No. 395.

Further, the Court finds Albert fails to satisfy his burden to demonstrate the conduct at issue threatens the orderly administration of justice or deliberately challenges the Court's authority. *Lancaster*, 2018 U.S. Dist. LEXIS 39060, at *4 (citing *Schlumberger Techs, Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997)). As such, the Court, in its discretion, denies the request for disqualification.[8]

Accordingly, it is **ORDERED** that the Motion (Doc. No. 373) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 14, 2021.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[8] This opinion should not be construed as holding that an offer of dismissal of claims alone could *never* constitute a sufficient incentive to violate Rule 4-3.4(b). Rather, the Court simply finds that the mere mention of a willingness to entertain dismissal is insufficient in this case.