UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CLASSIC SOFT TRIM, INC.
and ROADWIRE LLC,**

     **Plaintiffs,**

**v.**            **Case No:   6:18-cv-1237-Orl-78GJK**

**ROSS ALBERT, KATZKIN
LEATHER, INC., CLEARLIGHT
PARTNERS, LLC, and
CLEARLIGHT PARTNERS
MANAGEMENT, LLC,**

     **Defendants.**
_____

**ORDER**

This cause came on for consideration without oral argument on the

following motion:

> **MOTION:** **PLAINTIFFS' MOTION FOR SANCTIONS
> AGAINST DEFENDANT ROSS ALBERT AND
> COURTNEY WILSON (Doc. No. 395)**
>
> **FILED:**  **November 2, 2020**
>
> _____
>
> **THEREON** it is **ORDERED** that the Motion is **GRANTED** in part
> and **DENIED** in part.

## I.    INTRODUCTION.

In this latest installment of the parties' ongoing discovery-related motions, Plaintiffs seek sanctions against Defendant Ross Albert and his counsel, Courtney Wilson.[1]   Doc. No. 395.    Plaintiffs claim that devices with critical ESI evidence are missing and Albert is responsible, Albert has concealed other relevant evidence, Albert and his counsel failed to submit two existing devices for forensic imaging, and that Albert has committed perjury.    *Id.*   **Plaintiffs seek to have the Court strike Albert's answer, or alternatively heavily restrict his defenses.**   *Id.* at 6.   Plaintiffs seek attorney's fees under Rule 37.   *Id.*

## II.    BACKGROUND.

Albert was employed by Plaintiff Classic Soft Trim ("Classic") until March 18, 2016 when he resigned to go work for Defendant Katzkin Leather, Inc. ("Katzkin").   Doc. Nos. 395 at 2; 104.   Plaintiffs claim that, prior to leaving Classic, Albert breached his fiduciary duty and duty of loyalty by conspiring with Katzkin to take Classic's customers and employees with him when he left Classic. Doc. No. 104 at 20, 33, 69.

On August 22, 2017, Classic filed suit in state court against Albert, Classic Design Automotive, LLC ("CDA"), John Held, John Donellan, and Daniel

---

[1] The history of discovery in this case is extensive and the Court will not recount it here.   *See* Doc. Nos. 37, 109, 146, 147, 188, 194, 199, 226, 229, 248, 249, 267, 292, 294, 296, 327, 340, 344, 350, 351, 352, 366, 374, 377, 378, 382, 388, 390, 391 (for reference).

Valencia.[2]   Doc. No. 1-1.   The action was removed to this Court on July 31, 2018.

Doc. No. 1.   On October 17, 2018, Plaintiffs' counsel mailed a letter to Albert,

Katzkin, and Defendant Clearlight Partners LLC ("Clearlight")[3] requesting

preservation of ESI evidence in anticipation of discovery in this case.   Doc. No.

395 at 93.

On March 19, 2020, Plaintiffs served a Notice of Deposition on Albert that

included a Rule 34 demand for production of documents ("Rule 34 Deposition

Requests").   Doc. No. 302-1.   On April 17, 2020, Plaintiffs served a separate Rule

34 request to produce ("Rule 34 Requests") on Albert.   Doc. No. 302-2.   On

August 18, 2020, the Court issued an order granting the motion to compel in part

and directing Albert to comply with the discovery requests (the "ESI Search

Order").[4]   Doc. No. 350 at 11.

On May 22, 2020, Roadwire served another Rule 34 request for Albert to

produce devices for forensic imaging including cell phones, laptops, and tablets.[5]

---

[2]  CDA is a competitor of Classic which is owned/managed by Held and Donellan.   Doc. No. 1-
1.  Valencia was a Classic employee.   *Id.*   All of these defendants were dismissed prior to
removal to this Court. Doc. No. 1.

[3]  Katzkin, Clearlight, and Clearlight Partners Management LLC were added as Defendants on
December 27, 2018.   Doc. Nos. 35; 395 at 3.   On August 13, 2020, Clearlight and Clearlight
Partners Management, LLC were dismissed from this action based on a lack of personal
jurisdiction.   Doc. No. 347.

[4]  The time frames range from 2015 to present.   Doc. Nos. 302-1; 302-2.

[5]  Request 1 sought:

Produce for imaging and searching by a forensic examiner, the cell phone(s), laptop(s), tablet(s),
and desktops that YOU used to send, receive, store, or read text messages and or emails on, and
store records on, from January 1, 2015 through March 21, 2016. The devices include all electronic
devices YOU used during the subject time frame, including but not limited to your personal

Doc. No. 305-1 at 8-9.   Albert did not respond to this request to produce.   Doc.

No. 305.   On June 25, 2020, Plaintiffs filed a motion to compel against Albert.   *Id.*

On September 2, 2020, the Court granted the motion in part directing Albert to

comply with the requests to produce but limiting the time period in request 2 to

devices used by Albert from March 22, 2016 to January 1, 2018 (the "Forensic

Search Order").   Doc. No. 366 at 6.

On November 2, 2020, Plaintiffs filed a Motion for Sanctions against Albert

and his counsel, Courtney Wilson (the "Motion").[6]   Doc. No. 395.   Plaintiffs

---

cellular phone, laptop computers, tablets, desktop computer and Classic Soft Trim and Katzkin devices and servers that contain any electronic data that may disclose relevant information to this litigation. These images will be searched pursuant to the protocol set forth by the honorable Judge Gregory Kelly standing orders, and pursuant to the FRCP rules. (Emphasis added). Doc. No. 305-1 at 8-9.

Request 2 sought:

Produce for imaging and searching by a forensic examiner, the cell phone(s), laptop(s), tablet(s), and desktop(s) that YOU used to send, receive, store, or read text messages and or emails on, and store records on, from March 22, 2016 through present. The devices include all electronic devices YOU used during the subject time frame, including but not limited to your personal cellular phone, laptop computers, tablets, desktop computer and Classic Soft Trim and Katzkin devices and servers that contain any electronic data that may disclose relevant information to this litigation. These images will be searched pursuant to the protocol set forth by the honorable Judge Gregory Kelly standing orders, and pursuant to the FRCP rules.

*Id.* at 9.

[6] In support of the Motion, Plaintiffs rely on the Declaration of Plaintiffs' counsel Douglas Mahaffey (Doc. No. 395 at 27), copies of the cease and desist letter dated March 18, 2016 and the preservation of evidence letter dated October 17, 2018 (*id.* at 29-32; 93-98); two emails from the classicdesignleather account dated March 11 and 14, 2016, one of which attaches a Google Doc form entitled "Classic Design Response Order Form" (*id.* at 41, 43-51); an email from the classicdesignleather account to Jpheld@hotmail.com forwarding the same order form dated March 19, 2016 (*id.* at 53); an excel spreadsheet of CDA's customer orders from late March 2016 (*id.* at 54); AT&T carrier records for Albert's cell phones for 2015-16 (*id.* at 56-91; 173-83); excerpts from Albert's deposition (*id.* at 100-32); the Declaration of Plaintiffs' IT Consultant Brian Chase who conducted the forensic search of Albert's Lenovo laptop (*id.* at 134-40); and emails between the parties' counsel regarding the forensic search (*id.* at 151-67, 169-71).

argue that:   1) Albert destroyed a Motorola flip phone (the "Motorola"), a Nokia flip phone (the "Nokia"), an iPhone 6, and a Panasonic laptop after a duty to preserve evidence arose; 2) Albert concealed two cloud-based accounts – theeleatherman@icloud.com (the "theeleatherman iCloud account") and classicdesignleather@gmail.com (the "classicdesignleather account"); 3) Albert failed to produce responsive emails from these accounts and theeleatherman@gmail.com (the "theeleatherman Gmail account"); and 4) Albert willfully withheld his iPhone 8, iPad, and access to his cloud-based Google and iCloud accounts in violation of the Forensic Search Order. *Id.*   CST also argues that Albert has failed to retract perjury at his deposition.[7]   *Id.* at 16.

Plaintiffs argue that Albert's duty to preserve evidence began on March 18, 2016 when he received a cease and desist letter from Classic.   Doc. No. 395 at 8. Plaintiffs provide a copy of a cease and desist letter which is dated March 18, 2016, but there is no indication if and when Albert received it. Doc. No. 395 at 29-32. Plaintiffs claim that Albert destroyed the Motorola on March 18, 2016, discarded the Panasonic laptop sometime toward the end of March 2016 or the beginning of

---

[7] Plaintiffs also argue that Wilson failed to obtain cell phone records from carriers as promised, but offer no further argument as to this alleged violation of the ESI Search Order and no evidence in support of it.   Doc. No. 395 at 7.   Wilson did at one point suggest a compromise had been reached where Albert would obtain the full records from the carrier, with content, which Wilson would then review for responsiveness, but Plaintiffs adamantly opposed any suggestion a compromise had been reached so Wilson was not ordered to obtain the records and the subpoenas were enforced instead. Doc. No. 378.

April 2016, "lost" the Nokia in the latter half of 2018, and his iPhone 6 was destroyed.   Doc. No. 395 at 10.   Plaintiffs claim that the classicdesignleather account and "its numerous records and emails was fully responsive" to the ESI Search Order.   Doc. No. 395 at 11, 12 (specifically referencing Requests 3, 4, and 5 from the Rule 34 Requests).   *Id.*   Plaintiffs claim that Albert stole and transmitted Classic's proprietary forms and customer lists to the classicdesignleather account through his theeleatherman Gmail account.[8]   *Id.* at 12 (citing 41-51, 54, 134-40 (¶¶ 17-21).   Plaintiffs claim the theeleatherman iCloud emails and account were "fully responsive" to the ESI Search Order.   Doc. No. 395 at 13.   Plaintiffs also claim that Albert's failure to provide the 24 stolen Classic customer orders demonstrates non-compliance.[9]   *Id.* at 15.

Plaintiffs claim that Albert failed to turn over his iPhone 8, iPad, and access to backup ESI storage in his iCloud and Google accounts in violation of the Forensic Search Order.   Doc. No. 395 at 5, 15.   Plaintiffs then claim Albert has failed to recant perjury at his deposition.   Doc. No. 395 at 16.   Plaintiffs cite to excerpts from Albert's deposition.   *Id.* at 16-17.   Plaintiffs also offer what appears to be quoted material with no attribution and no source provided.   *Id.* at 17.

---

[8] This appears to be based on the Classic Design form and the contact list imported to Albert's iPhone 6 that Mr. Chase located during his forensic search.   Doc. No. 395 at 135-37.

[9] Request Number 5 of Rule 34 Requests specifically sought all documents and communications including work order he sent to his wife in March 2016.   Doc. No. 395 at 14.   Plaintiffs claim those communications were on Albert's admittedly unavailable iPhone 6 and his iPad.   *Id.*

Plaintiffs claim that this, in addition to the contents of concealed email and text messages discovered on CDA's devices, warrants sanctions for perjury.[10]   *Id.*

On November 16, 2020, Albert filed a response to the Motion (the "Response").   Doc. No. 409.   Albert argues that litigation did not commence until late 2017, a preservation letter was sent in late 2018, and no ESI discovery was sought until 2020.   *Id.*   Therefore, Albert had no obligation to maintain the devices he no longer possesses. *Id.*   Albert further argues that there is no evidence of bad faith in their loss, just ordinary negligence and routine upgrades of equipment.   *Id.*

Albert states that he left the Motorola at the AT&T store on March 18, 2016 when he got the Nokia and iPhone 6, that he lost the Nokia in a rental car in the latter half of 2018, that he deleted all the Classic data on the Panasonic laptop and then discarded it in late March or early April 2016 when he was transitioning to Katzkin, and that he upgraded from the iPhone 6 to an iPhone 8.   Doc. No. 409 at 2-4; *see* Doc. No. 395 at 100-31.

Albert argues he conducted the search required by the ESI Search Order. Doc. No. 409 at 2.   Albert retained a forensic consultant, Kevin Foster, to assist him in searching all available ESI sources and producing responsive documents.

---

[10]  Plaintiffs provide no support for this contention or any of the responsive documents from the CDA search upon which they rely.

*Id.* Albert provides the Declaration of Kevin Foster who conducted the search. Doc. No. 409-1.

Mr. Foster states that he searched Albert's Lenovo laptop (which was his work laptop), iPad, and iPhone 8 for existing and deleted documents (emails, text messages, and any other correspondence through January 1, 2018) in compliance with the ESI Search Order. *Id.* at 1. Mr. Foster also searched Albert's iCloud and Google accounts "collecting any documents under the same time period parameter." *Id.* at 1, 3. Mr. Foster states that he personally backed up relevant data from the iPhone 8 and iPad to Albert's Lenovo laptop on August 24, 2020, including back-up folders, so that information was available during Mr. Chase's forensic search. *Id.* at 3-4; *see* Doc. No. 395 at 134-35. Mr. Foster states that Mr. Chase did not "identify any source of potentially relevant documents, that is currently available to Mr. Albert, that I did not search for . . . in August 2020." Doc. No. 409-1 at 4.

Albert argues he did not violate the Forensic Search Order because it did not require access to his cloud-based accounts and because he did not possess the iPhone 8 or iPad during the relevant time period. Doc. No. 409. Albert argues that there is no evidence of perjury and that Plaintiffs have failed to provide any factual basis for their claim. *Id.*

## II.     APPLICABLE LAW.

Under Federal Rule of Civil Procedure 37(b)(2), the Court has several options for imposing sanctions upon "a party or a party's officer, director, or managing agent" for failing to obey a discovery order. Those sanctions include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party . . . ." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi).

"[A] default judgment sanction requires a willful or bad faith failure to obey a discovery order." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).   Negligence, a misunderstanding, or an inability to comply are not sufficient for a default under Rule 37. *Id.* "[T]he severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Id.*

"A finding of prejudice is an important component of a decision to sanction a party with dismissal or default."   *Mitchel v. Vegassportsconsultants.com*, No. 18-cv-61404, 2019 U.S. Dist. LEXIS 144603, at *9 (S.D. Fla. May 23, 2019) (quoting *Inmuno Vital, Inc. v. Telemundo Grp., Inc.*, 203 F.R.D. 561, 573 (S.D. Fla. 2001)). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process."   *Dearth v. Hartford Fire Ins. Co.*, No. 16-cv-1603, 2018 U.S. Dist. LEXIS 228371, at *5 (M.D. Fla. Aug. 30, 2018) (quoting *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374-75 (11th Cir. 1999)).

Spoliation is the intentional concealment, destruction, mutilation, or material alteration of evidence. *Southeastern Mechanical Servs., Inc. v. Brody*, 657 F. Supp. 2d 1293, 1299 (M.D. Fla. 2009). Spoliation of ESI is addressed via Rule 37(e). *ML Healthcare Servs., LLC v. Publix Super Mkts., Inc.*, 881 F.3d 1293, 1307 (11th Cir. 2018); Fed. R. Civ. P. 37(e). Federal Rule of Civil Procedure 37(e) provides that:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may; (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default.

Fed. R. Civ. P. 37(e); *see Wooden v. Barringer*, No. 1:16-cv-378, 2017 U.S. Dist. LEXIS 183170, at *10-11 (N.D. Fla. Nov. 6, 2017).

## III.   ANALYSIS.

Albert worked for Classic for sixteen years, up to Friday, March 18, 2016 when he resigned to go work for Katzkin. Doc. Nos. 104; 395 at 2. On the day he resigned, Albert was using the Motorola and Panasonic laptop. Doc. No. 395 at 104, 113. Albert indicates he wasn't much of a texter, preferring to use the

telephone to communicate. *Id.* at 103, 109, 111.   Also, at that time, he had a personal email account the theeleatherman Gmail account. *Id. a*t 114

    After resigning from Classic earlier in the day, Albert went to the AT&T store to get new phones for his job with Katzkin.   He purchased the Nokia and an iPhone 6.   *Id.* at 103, 107, 109, 111, 112.   He left the Motorola, which he said was obsolete and not working properly anyway, at the store.   *Id.* at 103, 105, 106   He used the Nokia in part to transfer contacts from the Motorola. *Id. a*t 108, 109.   He deleted any Classic forms and proprietary information from his Panasonic laptop that weekend, and a few weeks later, in either late March or early April, Albert got rid of the Panasonic laptop when Katzkin sent him a new work computer. *Id.* at 113, 118-19.   Albert lost the Nokia in the latter half of 2018, leaving it in a rental car.   *Id.* at 107-08.   At some point in 2018, Albert upgraded from the iPhone 6 to an iPhone 8, but he did not keep the iPhone 6.   *Id.* at 10-11.   He still has the iPhone 8, as well as an iPad, and a Lenovo laptop he received from Katzkin. Doc. No. 409-1.

    To date, an ESI search has been conducted by Albert on the iPhone 8, the iPad, the Lenovo laptop and in his Google and iCloud accounts, including the theeleatherman Gmail account, the classicdesignleather account, and the theeleatherman iCloud account.   *Id.* Plaintiffs have also completed a separate forensic search of the Lenovo laptop.   Doc. No. 395 at 135.

Plaintiffs want Albert's work text messages from January 1, 2015 to January 1, 2017 from his phones.   Doc. No. 395 at 11.   During that time frame, Albert owned and used the Motorola, the Nokia, and the iPhone 6.   Plaintiffs also want the ESI from Albert's Panasonic laptop. *Id.*   Clearly, these devices are no longer available so Plaintiffs claim spoliation.   Because the alleged spoliation involves ESI, Rule 37(e) applies. *See Nationwide Life Ins. Co. v. Betzer*, No. 5:18-cv-39, 2019 U.S. Dist. LEXIS 194165, at *19 (M.D. Fla. Oct. 28, 2019).

## A.   The Missing Devices

In addressing the impact of the missing devices, the Court must first determine if the allegedly spoliated ESI was evidence that should have been preserved.   Rule 37(e) does not apply when information is lost before a duty to preserve arises.   *See Ala. Aircraft Indus. v. Boeing Co.*, 319 F.R.D. 730, 740 (N.D. Ala. 2017).   In the Eleventh Circuit, a duty to preserve evidence occurs when litigation is "pending or reasonably foreseeable."   *Barton & Assocs. v. Liska*, No. 9:19-cv-81023, 2020 U.S. Dist. LEXIS 249174, at *2 (S.D. Fla. May 11, 2020) (citing *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009)).   The earliest Albert could have known that litigation was reasonably foreseeable would have been when he received Classic's cease and desist letter.[11]   Doc. No. 395.   While the letter is

---

[11] The Court finds Plaintiffs' reliance on the privilege log and text message unpersuasive. *See* Doc. No. 395 at 34-38, 39.

dated March 18, 2016, it was addressed to Albert with no indication as to how it was delivered but it does appear to indicate Albert had already resigned. Doc. No. 395 at 29-32.   Thus, Plaintiffs provide no evidence that Albert, an otherwise unsophisticated litigant,   was aware that litigation was otherwise reasonably foreseeable until he was served with the original state court complaint, which was filed on August 22, 2017.   Doc. No. 1 at 1.   The Court finds that, on this basis, any duty to preserve only attached to the Nokia and the iPhone 6.

Next, the Court must determine if the allegedly spoliated ESI was lost because a party failed to take reasonable steps to preserve it.   Albert testified at his deposition that there were no text messages on his Nokia, and that he used it only to transfer contact information.   Doc. No. 395 at 107-08.   Plaintiffs claim records from AT&T show text messages to and from 407-466-8294, the number used for both Albert's Motorola and the Nokia.   *Id.* at 173-83.   A review of those records reflect that all of the text messages predate Albert's ownership of the Nokia .   *Id.*   Thus, the Court finds there is no evidence that text messages existed on the Nokia in the first instance that were consequently "lost" when the Nokia went missing. *Cf. Freidig v. Target Corp.*, 329 F.R.D. 199, 209 (W.D. Wis. 2018) (the loss of ESI that is inconsequential does not typically warrant relief).[12]  However,

---

[12]  Alternatively, the Court finds that Plaintiffs have failed to demonstrate the requisite prejudice with respect to the Nokia.

there is evidence that text messages from the relevant time frame existed on the iPhone 6 and that Albert failed to preserve that device and its related ESI.   Doc. No. 395 at 56-91; 134, 145, 147-48.

The Court must then determine whether the allegedly spoliated ESI evidence can be restored or replaced through additional discovery.   Rule 37(e) precludes any sanction or curative measure if the ESI can be restored or replaced through additional discovery.   The Advisory Committee Notes to Rule 37(e) explain that loss from one source may be harmless when substitute information can be found elsewhere.

Plaintiffs can obtain any emails stored on the iPhone 6 from other sources; however, the same cannot be said about the text messages.   Plaintiffs have Albert's cell phone records from AT&T which provide some important information (recipient/sender, time, date), but no content is available.   Doc. No. 395 at 56-91; 134, 145, 147-48.   Plaintiffs can obtain text messages from the other recipients/senders.   In fact, Plaintiffs have obtained some of Albert's text messages in this manner.   *See, e.g.,* Doc. No. 395 at 39.

Unfortunately, there be as many as 3,000 text messages on the iPhone 6 and there is no indication all of them can be recovered, but there is also no indication what portion of them are work-related.[13]   *Id.* at 140.   The original data on Albert's

---

[13]  Plaintiffs argue that the ESI Search Order required Albert to provide all "work text messages

iOS backup folder on his Lenovo laptop was deleted, likely when Albert connected his new iPhone 8 to it.  *Id.* at 135, Doc. No. 409-1 at 3.   The iPhone 8 or Albert's iCloud account may have text messages from the iPhone 6, but those were already searched. Doc. Nos. 395 at 140; 409-1 at 4.   Given the steps already taken, it is unlikely that all of the relevant ESI on the iPhone 6 can be restored or replaced through additional discovery.  *See Sinclair v. Cambria Cty.*, No. 3:17-cv-149, 2018 U.S. Dist. LEXIS 167010, at *5 (W.D. Penn. Sept. 28, 2018) (despite diligent effort counsel unable to obtain all missing emails).   Thus, the Court finds that the iPhone 6 satisfies the preliminary requirements of Rule 37(e).

The next question is whether prejudice under subsection (e)(1), or an intent to deprive under subsection (e)(2) exists.   Fed. R. Civ. P. 37.   "[P]rejudice exists where documents that are relevant to a claim are unavailable and the moving party has come forward with a plausible, good faith suggestion as to what the evidence might have been."  *Goldrich v. City of Jersey City*, No. 15-885, 2018 WL 4492931, at *10 (D.N.J. July 25, 2018).   "While the burden of establishing prejudice generally falls on the party seeking sanctions, courts acknowledge that it can often never be proved what was contained in destroyed evidence.   Typically, only the

---

during that two-year time frame January 1, 2015 to January 1, 2017, (Rule 34, request #3), and any personal ones were to be logged.   Doc. No. 395 at 11; *see* Doc. No. 302-2 at 2.

spoliator knows how much prejudice has been caused by the destruction."

*Nationwide Life Ins. Co. v. Betzer*, 2019 U.S. Dist. LEXIS 194165, at *31.

The Court finds Plaintiffs have sufficiently demonstrated prejudice. Plaintiffs claim that text messages identified by Mr. Chase include text messages to car dealerships, John Held, and other Katzkin employees shortly after Albert left Classic.   Doc. No. 395 at 10-11.   The missing text messages would likely contain relevant information which would support Plaintiffs' claims.[14]   The Court would observe, however, that the scope of prejudice is somewhat limited as the available text messages at issue occurred beginning March 18, 2016, *after* Albert resigned.   Further, Plaintiffs have been able to recover many work-related text messages from other sources and the usefulness of any more work-related text messages from the iPhone 6 may be limited. Additionally, searches have been conducted of Albert's available devices, his cloud-based accounts, and his Lenovo laptop. Doc. Nos. 395 at 135; 409-1.   Thus, while there is some prejudice involved in the loss of the ESI from the iPhone 6, it is not as significant as if the iPhone had been in use the entire time.

Based upon the record as a whole, particularly Albert's deposition testimony, and given his relative lack of sophistication as a litigant, the Court finds

---

[14] It is likely some texts occurred when Albert possessed the iPhone 6 that may relate to the planning and/or the execution of his departure from Classic even though he acquired it on the day of his departure from Classic.

that there is no evidence of an intent to deprive or bad faith.   Plaintiffs provide no evidence that Albert intentionally sought to deprive them of the iPhone's ESI, thus the Court finds that only subsection (e)(1) sanctions are appropriate under the circumstances.   *See Living Colors Enters. v. New Era Aquaculture Ltd.*, No. 14-cv-62216, 2016 U.S. Dist. LEXIS 39113, at *21-22 (S.D. Fla. Mar. 22, 2016) (finding no evidence of intent to deprive considering the context of deletion of emails, routine practices, and sophistication of litigant).

        B.    <u>The Available Devices</u>

Plaintiffs argue that Albert violated the Forensic Search Order when he failed to submit his iPhone 8, iPad, and cloud-based accounts for forensic imaging. Doc. No. 305-1 at 9.   Neither Request 1 or 2 sought discovery from Albert's cloud-based accounts, they sought only Albert's personal devices and the Classic and Katzkin's devices and servers Albert used.   Doc. No. 305-1.   Thus, Albert had no obligation to provide access to his cloud-based accounts.

With respect to the available devices, Mr. Wilson advised Plaintiffs' counsel that the Lenovo laptop was the only "relevant device" per the limited time frame pre-2018.   Doc. No. 409 at 6.   The time period was limited from March 22, 2016 to January 1, 2018 by the Court.   Doc. No. 366.

   Emails on the Lenovo from the theeleatherman Gmail account during the relevant time period have the signature line "Sent from my iPad."   Doc. No. 395

at 139.     Thus, there is evidence that Albert used an iPad during the relevant time period.    Plaintiffs also maintain that the work orders Albert took may have been sent from his iPad.    Doc. No. 395 at 15.    In his Response, Albert maintains that he did not possess the iPad and iPhone 8 before 2018.    Doc. No. 409 at 12.

The Court finds Albert failed to comply with the Forensic Search Order when he failed to submit his iPad, based on Mr. Chase's observation that emails were sent from an iPad to his Katzkin account during the relevant time period. Doc. No. 395 at 139.    However, there is no evidence Albert used his iPhone 8 before January 1, 2018.    Thus, Plaintiffs cannot demonstrate Albert's failure to provide his iPhone 8 is a violation of the order.

## C.     Compliance with the ESI Search Order

Plaintiffs provide nothing more than conjecture and conclusory evidence to support their claim that a search of Albert's cloud-based accounts was not conducted and responsive emails were not disclosed.    *See* Doc. No. 395 at 27, 41-51, 136-37.    Albert's Lenovo laptop, iPhone 8, iPad, and cloud-based accounts were searched by an IT consultant and the results were provided to Plaintiffs. Doc. No. 409-1.    The mere existence of the accounts, without more, does not demonstrate that responsive emails were withheld.    Similarly, the absence of

emails that prove Plaintiffs' case does not demonstrate this either.[15]   Accordingly, the Court finds Plaintiffs have failed to prove Albert violated the ESI Search Order.

> D.   Perjury

Plaintiffs' counsel attempted to impeach Albert at his deposition with the recording of a phone call between Albert and Aaron Forrister.   Doc. No. 395 at 127.   The excerpt from Albert's deposition is woefully insufficient to support Plaintiffs' claim that this constitutes perjury that requires sanctions.   Doc. No. 395 at 16-17.   Plaintiffs other generalized allegations provide no additional support of perjury necessitating sanctions.   Thus, the Court declines to award sanctions on this basis.

> E.   Relief to Be Granted

Based on the foregoing, the Court finds that the appropriate measure, no greater than necessary to cure the prejudice Plaintiffs' suffered, is to allow Plaintiffs to introduce evidence concerning the loss of the iPhone 6, and consequently the loss of Albert's remaining work text messages.   *See* Rule 37(e).   Albert will also be ordered to pay Classic's attorney's fees for this Motion.

---

[15] Plaintiffs claim that none of Albert's theeleatherman Gmail account emails were on the laptop when Mr. Chase searched it.   Doc. No. 395 at 13.   That is not true.   Doc. No. 395 at 139.   There were numerous email messages from theeleatherman Gmail account to Albert's Katzkin account, there were just no other emails to other recipients on the laptop. *Id.* The fact that no other responsive emails, other than those sent to his own work email address, were on the work laptop does not mean that responsive emails, defined by Plaintiffs as ones that would prove their case, were purposefully withheld or deleted.

With respect to the iPad, Albert will be required to provide his iPad for imaging in compliance with the Forensic Search Order on or before February 16, 2021.   Failure to comply with this Court's order may result in additional sanctions up to and including entry of default.   Attorney's fees are also awarded against Albert pursuant to Rule 37(b)(2)(C).

Accordingly, it is **ORDERED** that the Motion for Sanctions (Doc. No. 395) is **GRANTED in part** and **DENIED in part** as follows:

1.  Plaintiffs will be allowed to introduce evidence concerning the loss of the iPhone 6, and consequently the loss of Albert's remaining work-related text messages;

2.  Albert shall provide his iPad to Plaintiffs, in compliance with the Forensic Search Order, on or before February 16, 2021;

3.  Failure to comply with this Court's order may result in additional sanctions up to and including entry of default;

4.  Plaintiffs shall file a motion for attorney's fees related to this Motion within **fourteen (14) days** from the date of this Order; and

5.  The Motion is otherwise **DENIED.**

**DONE** in Orlando, Florida on February 10, 2021.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties