# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CLASSIC SOFT TRIM, INC.**
**and ROADWIRE LLC,**

      **Plaintiffs,**

v.                                              Case No:   6:18-cv-1237-Orl-78GJK

**ROSS ALBERT, KATZKIN**
**LEATHER, INC., CLEARLIGHT**
**PARTNERS, LLC, and**
**CLEARLIGHT PARTNERS**
**MANAGEMENT, LLC,**

      **Defendants.**

_____

## ORDER[1]

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS (Doc. No. 441)
>
> **FILED:** February 24, 2021
>
> _____
>
> **THEREON** it is **ORDERED** that the Motion is **DENIED without prejudice.**

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

I.   BACKGROUND.

On November 2, 2020, Plaintiffs Classic Soft Trim, Inc. ("Classic") and Roadwire LLC filed a Motion for Sanctions against Defendant Ross Albert and his counsel, Courtney Wilson, claiming that devices with critical ESI evidence were missing and Albert was responsible, Albert had concealed other relevant evidence, Albert and his counsel failed to submit two existing devices for forensic imaging, and that Albert had committed perjury (the "Motion for Sanctions").  Doc. No. 395.   Plaintiffs sought to have the Court strike Albert's answer, or alternatively heavily restrict his defenses.  *Id.* at 6.  Plaintiffs also sought attorney's fees under Rule 37.  *Id.*

On February 10, 2021, this Court entered an order granting in part and denying in part the Motion for Sanctions against Albert for spoliation of evidence and failure to comply with court-ordered discovery (the "Sanctions Order"). Doc. No. 437.  The Court found that the appropriate measure, no greater than necessary to cure the prejudice, was to allow Plaintiffs to introduce evidence concerning the loss of Albert's iPhone 6 and, consequently, the loss of Albert's remaining work text messages and award of attorney's fees related to the Motion for Sanctions.  *Id.* at 19-20.  The Court also found that, with respect to an earlier forensic search order, Albert would be required to provide his current iPad for imaging.  *Id.* at 20.  The Court also awarded attorney's fees (amount to be

determined) against Albert pursuant to Rule 37(b)(2)(C). *Id.* at 19-20. The remainder of the Motion for Sanctions was denied. *Id.*

On February 24, 2021, Plaintiffs[2] filed a Motion for Award of Attorney's Fees and Costs based on the Sanctions Order (the "Motion"). Doc. No. 441. Plaintiffs seeks reimbursement for 179.1 hours of work performed by lead and local counsel for a total of $81,547.00 in attorney's fees. *Id.* at 3. Plaintiffs also seek reimbursement for expert fees of $13,470.00 paid to Archer Hall for work performed by Bryan Chase, Plaintiffs' IT expert, in support of the Motion for Sanctions. *Id.* The bill from Archer Hall also includes the work of other unidentified parties. *Id.* at 22-26.

Plaintiffs provide an "Affidavit of Plaintiffs' Attorney's Fees and Costs" executed by Douglas Mahaffey, lead counsel for Plaintiffs, in support of the attorney's fees and expenses incurred by his firm, reasonable hourly rates, and reasonable hours billed, as well the itemized bill from Archer Hall to support the claimed costs. *Id.* at 9-26. Plaintiffs also provide the affidavit of attorney Kevin Shaughnessy, local counsel, in support of the attorney's fees incurred by his firm totaling $10,025.50 for 23.3 hours of work.[3] Doc. No. 441-1. Attorney Shaughnessy provides no itemization of the hourly work performed by his firm

---

[2] Roadwire LLC is no longer a Plaintiff in this case. Doc. No. 439.
[3] The attorney's fees charged by local counsel is subsumed in the $81,547.00 claimed by Plaintiffs. Doc. No. 441 at 3.

but provides a conclusory allegation that the hourly rates and the service rendered are reasonable. *Id.* at 2-3. Both affidavits indicate they were sworn to under oath by counsel, but neither affidavit is notarized. Doc. Nos. 441 at 9-12; 441-1.

On March 10, 2021, Albert filed a Memorandum in Opposition to the Motion (the "Response"). Doc. No. 449. In his Response, Albert argues that Plaintiffs seek to recover 100% of their attorney's fees where they only obtained relief for 2 out of 12 issues raised. *Id.* at 2-3. Albert argues that Plaintiffs improperly seek to bill for time expended on Plaintiffs' first motion for sanctions that was denied by this Court for failure to clearly set forth each form of relief being requested as well as the basis for reach such request. *Id.* (citing Doc. No. 390). Albert argues that counsel's affidavits are unsworn, and neither is given under oath or as a declaration submitted under penalty of perjury such that the affidavits cannot be considered as evidence.[4] Doc. No. 449 at 4. Albert also argues that Kevin Shaughnessy's summary of attorney time provides insufficient evidence upon which to award attorney's fees because no itemization of the time spent is provided. *Id.* Finally, Albert takes issue with the unsworn itemized bill from Archer Hall on behalf of Bryan Chase, Plaintiffs' IT expert, because it includes billing entries from other parties who are not identified and whose connection to the Motion for Sanctions is unclear. Albert argues that any award of attorney's

---

[4] Albert cites no case law in support of his claim that the affidavits are insufficient as provided.

fees should be apportioned and limited by: 1) the limited nature of Plaintiffs' success; 2) limited to the time spent during the two week period immediately preceding the filing of the successful Motion for Sanctions; and 3) by the time spent by Albert's counsel to respond to the Motion for Sanctions which amounted to 26.5 hours.  *Id.* at 3-4.

## II.    APPLICABLE LAW.

In the Eleventh Circuit, reasonableness is generally determined using the familiar lodestar approach.  "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate."  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable.  *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  A movant "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so [the court] can assess the time claimed for each activity."  *Id.*

## III.    ANALYSIS.

The Court finds that Plaintiffs have provided insufficient evidence to support their Motion.  First, both affidavits are unnotarized and they cannot be

considered unsworn declarations as provided by 28 U.S.C. § 1746 because they do not contain the required statements that the content is true under penalty of perjury. Second, attorney Mahaffey's affidavit does not address why the hourly rates requested are reasonable in the relevant market where this case is filed. *Absen, Inc. v. Capital*, No. 6:19-cv-905, 2019 U.S. Dist. LEXIS 237273, at *10 (M.D. Fla. Dec. 16, 2019). Instead, the Motion simply states that the rates requested are reasonable because they "are less than 1/3rd to 1/2 of the Defense counsel rates (Attorney Wilson at $750, Attorney Howarth at $1,100 per hour)." Doc. No. 441 at 5-6. Third, attorney Shaughnessy's affidavit fails to provide any information beyond a total number of hours worked and hourly rates for each attorney at his firm, providing nothing other than a conclusory statement that all time claimed was reasonable and that the related hourly rates are reasonable. Doc. No. 441-1; *see Norman*, 836 F.2d at 1303 (the general subject matter of the time expenditures ought to be set out with sufficient particularity so the district court can assess the time claimed for each activity). Finally, as Albert observes, Plaintiffs seek to recover the entire bill from Archer Hall as an expense, but fail to identify the additional timekeepers and why their work was related to the Motion for Sanctions. Doc. No. 441 at 22-26. These omissions preclude, among other things, a proper determination of the lodestar amount of attorney's fees. Given these deficiencies, Plaintiffs must file a renewed motion which properly addresses

the reasonableness of the hourly rates and hours worked, as well as the basis for seeking all of the billed costs from Archer Hall.

Accordingly, it is **ORDERED** that the Motion (Doc. No. 441) is **DENIED without prejudice**. Plaintiffs shall file a renewed motion within **fourteen (14) days** from the date of this Order.   Defendant Ross Albert's response shall be due within **seven (7) days** of the filing of the renewed motion.

**DONE** in Orlando, Florida on May 14, 2021.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record