**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CLASSIC SOFT TRIM, INC. and
ROADWIRE, LLC,

        Plaintiffs,

v.                                           Case No.: 6:18-cv-1237-WWB-DAB

ROSS ALBERT and KATZKIN
LEATHER, INC.,

        Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Defendants' Motion Regarding Undisclosed Witnesses and Unopposed Motion Regarding Confidentiality (Doc. 531) and Plaintiff's Response (Doc. 532) thereto.  Plaintiff does not object to Defendants' request concerning confidentiality and thus, the Motion will be granted as unopposed in that respect.  Defendants argue that the Court should exclude several trial witnesses because they were not timely disclosed.

Parties should conduct discovery "with a spirit of cooperation and civility" and with minimal judicial intervention.  *United Subcontractors, Inc. v. Darsey*, No. 3:13-cv-603-J, 2014 WL 67649, at *1 (M.D. Fla. Jan. 8, 2014) (quotation omitted).  "Under Rule 37(c)(1), a district court clearly has authority to exclude [a witness's] testimony where a party has failed to comply with Rule 26(a) *unless the failure is substantially justified or is harmless*.  *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008).  In doing so, "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *El-Ad Residences*

at *Miramar Condo. Ass'n v. Mt. Hawley Ins. Co.*, No. 09-CV-60723, 2011 WL 13174642, at *1 (S.D. Fla. Feb. 23, 2011) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)). The Court considers "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.* (quoting *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (quotation omitted).

The Court finds that Defendants are not surprised by the witnesses. Although Plaintiff learned of the car dealership witnesses through a prior co-defendant during discovery, these witnesses were known to Albert—who diverted the orders from the dealerships to Katzkin. Further, Plaintiff identified in its initial disclosures that it may call "[u]nidentified individuals at various car dealerships who use or formerly used CST for the installations of leather interiors." (Doc. 532-1 at 6). Although the Court recognizes that mere identification of a witness is insufficient to override a party's duty to supplement, Defendants have had ample opportunity to cure any potential prejudice. Accordingly, Defendants motion will be denied as to the dealership witnesses. *Cf. Nance v. Ricoh Elecs., Inc.*, 381 Fed. App'x 919, 922 (11th Cir. 2010) (finding that the moving party did not have an opportunity to depose nondisclosed witness or to conduct thorough discovery).

As for the IT Witnesses, Yarnall's Declaration (Doc. 329-2) was filed with the Court before the close of discovery, and Chase's declarations were attached to various motions

and responses, (*see* Doc. Nos. 394-2, 397-1, 443-1, 452-1, 454-6, 455-1), and he was listed as a witness in the initial Joint Pretrial Report (Doc. 414-3 at 2). Accordingly, the foregoing witnesses were known to Defendants. Further, because the matter was taken off the trial docket due to the parties' inability to draft a cohesive pretrial statement, there has been ample time to cure any prejudice.

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendants' Motion is **GRANTED in part** and **DENIED in part** as set forth in this Order. The case is set for a status conference on **July 11, 2023**, at **10:00 a.m.** in Courtroom 3B.

**DONE AND ORDERED** in Orlando, Florida on June 16, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record